IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

THE UNITED STATES OF AMERICA,
and THE STATE OF ALASKA,

          Plaintiffs,

  vs.

DURAN CONSTRUCTION
COMPANY LLC, MARCIANO
DURAN, and JOSETTE DURAN,

          Defendants.

Case No. 1:22-cv-00091-JMK

**ORDER GRANTING IN PART
PLAINTIFFS' MOTION TO
STRIKE DEFENDANT'S ANSWER**

Pending before the Court is Plaintiffs' Motion to Strike Defendants' Answer at Docket 13 (the "Motion"). Defendants have not timely opposed the Motion. For the reasons stated below, the Motion is GRANTED IN PART.

## I. BACKGROUND

Plaintiffs filed the Complaint in this action on December 9, 2022, alleging that Defendants discharged pollutants into the waters of the United States in violation of the Clean Water Act and Alaska Stat. §§ 46.03.760(e) and 46.03.765.[1] On January 25, 2023, Defendants filed an Answer denying every factual allegation in the Complaint.[2] Defendants Josette and Marciano Duran signed the Answer in their personal capacities.[3]

---

[1] Docket 1 at 2.
[2] Docket 5 at 1.
[3] *Id.* at 2.

Marciano Duran also signed the Answer on behalf of Duran Construction Co., LLC ("Duran Construction") as its "manager/member."[4] Defendants then requested a stay of the litigation to allow time for settlement discussions.[5] The Court granted Defendants' request at Docket 10. On May 1, 2023, Plaintiffs filed a status report indicating that Defendants had not meaningfully engaged in settlement discussions and requesting that the Court lift the stay for the limited purpose of adjudicating the sufficiency of Defendants' Answer.[6] On May 3, 2023, the Court granted Plaintiffs' request and set a briefing schedule for Plaintiffs' motions regarding the sufficiency of Defendants' Answer.[7] Plaintiffs' motion was due June 2, 2023, and Defendants' response was due June 22, 2023.[8] Plaintiffs filed the present motion on June 2, 2023.[9] Defendants have not opposed or otherwise responded to Plaintiffs' motion.

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(f), "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Motions under Rule 12(f) are "generally disfavored."[10] However, "[u]ltimately, whether to grant a motion to strike lies within the sound discretion of the district court."[11]

---

[4] *Id.*
[5] Docket 6; Docket 9.
[6] Docket 11 at 3.
[7] Docket 12.
[8] *Id.* at 1–2.
[9] Docket 13.
[10] *Cruz v. Bank of New York Mellon*, No. 12-CV-00846-LHK, 2012 WL 2838957, at *2 (N.D. Cal. July 10, 2012) (quoting *Abney v. Alameida*, 334 F. Supp. 2d 1221, 1234 (S.D. Cal. 2004)).
[11] *Romero v. Benavides Income Tax*, No. EDCV 20-1701 JGB (SPx), 2021 WL 4735732, at *2 (C.D. Cal. Jan. 8, 2021).

*United States of America et al v. Duran Construction Company LLC et al*                Case No. 1:22-cv-00091-JMK
Order Granting in Part Plaintiffs' Motion to Strike Defendants' Answer                Page 2
Case 1:22-cv-00091-JMK   Document 15   Filed 07/07/23   Page 2 of 6

Although the Court construes the pleadings of pro se litigants, like Defendants here, liberally, pro se litigants are still bound by the Federal Rules of Civil Procedure.[12] Rule 8(b)(1) provides that, in responding to a pleading, a party must "state in short and plain terms its defenses to each claim asserted against it" and "admit or deny the allegations asserted against it by an opposing party." Denials must "fairly respond to the substance of the allegation."[13] "A party that intends in good faith to deny all the allegations of a pleading—including the jurisdictional grounds—may do so by a general denial."[14] A party that does not intend to deny all the allegations in a pleading "must either specifically deny designated allegations or generally deny all except those specifically admitted."[15]

## III.   DISCUSSION

### A.   Marciano and Josette Duran

In relevant part, Defendants' Answer states, "1. Defendants deny each and every factual allegation of the Complaint. 2. For each and every allegation of the law, no response is required, but if one is the allegations are denied. 3. The Court should determine the defendants are not liable and award defendants attorney fees and costs."[16] The Court finds that paragraphs one and two of Defendants' Answer are improper under Federal Rule of Civil Procedure 8(b). General denials are appropriate only when a party intends in good faith to deny all the allegations in a pleading.[17] "[G]eneral denials are uncommon in federal

---

[12] *Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995).
[13] Fed. R. Civ. P. 8(b)(2).
[14] Fed. R. Civ. P. 8(b)(3).
[15] *Id.*
[16] Docket 5 at 1.
[17] Fed. R. Civ. P. 8(b)(2).

*United States of America et al v. Duran Construction Company LLC et al*                    Case No. 1:22-cv-00091-JMK
Order Granting in Part Plaintiffs' Motion to Strike Defendants' Answer                    Page 3
Case 1:22-cv-00091-JMK   Document 15   Filed 07/07/23   Page 3 of 6

court because 'situations in which the [pleading] can be completely controverted are quite rare," and therefore "an answer consisting of a general denial will be available to a party acting in good faith only in the most exceptional cases."[18]  "Courts have routinely found one-sentence answers in the form of a general denial to be impermissible for lack of good faith."[19]

Plaintiffs' 236-paragraph Complaint includes allegations that Defendants cannot reasonably deny.  For example, paragraph eight alleges that "Duran Construction is a limited liability company organized in Alaska in 2004 with its business address at 9360 Glacier Highway, Suite 202, Juneau, Alaska 99801."[20]  Plaintiffs submitted with their Motion Duran Construction's Certificate of Organization filed with State of Alaska in 2004, as well as its 2022 Biennial Report listing 9360 Glacier Highway, Suite 202 as its physical address.[21]  Accordingly, the Court finds that the general denials in the first two paragraphs of Defendants' Answer are improper and must be stricken.  The third paragraph, which includes a request for attorney's fees, is not stricken and may appear in Defendants' Amended Answer.  "Rule 12(f) is not the appropriate avenue to strike a request for attorneys' fees, even where the plaintiff is proceeding pro se and fails to identify a legal

---

[18] *Wynes v. Kaiser Permanente Hosps.*, No. 2:10-cv-00702-MCE, 2013 WL 2449498, at *2 (E.D. Cal. June 5, 2013) (quoting 5 Charles A. Wright & Arthur R. Miller, FEDERAL PRACTICE AND PROCEDURE 1265 (3d ed. 2004)).
[19] *Greenberg v. Guzman*, No. CV 14-00866 BRO (FFMx), 2014 WL 12569375, at *2 (C.D. Cal. July 10, 2014) (collecting cases).
[20] Docket 1 at 5.
[21] Docket 13-1; Docket 13-2.  *See also* Fed. R. Evid. 201(b) (providing that the court may judicially notice facts that are not subject to reasonable dispute because they "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned").

*United States of America et al v. Duran Construction Company LLC et al*                    Case No. 1:22-cv-00091-JMK
Order Granting in Part Plaintiffs' Motion to Strike Defendants' Answer                                     Page 4

Case 1:22-cv-00091-JMK   Document 15   Filed 07/07/23   Page 4 of 6

basis for the request."[22]   Marciano and Josette Duran are ordered to file an Amended Answer within thirty (30) days of this Order.   The Amended Answer will replace the Answer at Docket 5 in its entirety and may include a request for attorney's fees similar to that contained in the third paragraph of Defendants' current Answer.   Defendants' Amended Answer may only be signed by Josette and Marciano Duran in their personal capacities and may not be signed on behalf of Duran Construction.

## B.   Duran Construction Co. LLC

Marciano Duran, appearing pro se, signed the Answer on behalf of Duran Construction.[23]   An attorney has not entered an appearance on behalf of Duran Construction in this matter.   "It is a longstanding rule that '[c]orporations and other unincorporated associations must appear in court through an attorney."[24]   Therefore, "[a] business entity such as [Duran Construction] cannot be represented by a pro se party; it may appear only through licensed counsel."[25]   Because the Answer is signed only by Marciano Duran, a non-attorney who is unable to represent Duran Construction, the Court finds that Defendants' Answer must be stricken in its entirety to the extent it is filed on behalf of Duran Construction.[26]   Within forty-five (45) days of this Order, Duran Construction must retain counsel and file an Answer that comports with the Federal Rules of Civil Procedure, or face an entry of default.

---

[22] *Fitch v. Galland*, No. 1:16-CV-00489-JLT, 2017 WL 1231869, at *7 (E.D. Cal. Jan. 6, 2017) (quoting *Yu v. Design Learned, Inc.*, 2016 WL 3541046 at *8 (N.D. Cal. June 29, 2016)).
[23] Docket 5 at 2.
[24] *D-Beam Ltd. P'ship v. Roller Derby Skates, Inc.*, 366 F.3d 972, 974 (9th Cir. 2004).
[25] *Backcountry.com, LLC v. Backcountry Denim Co.*, LLC, No. C 19-01323 SBA, 2019 WL 13254067, at *2 (N.D. Cal. June 3, 2019).
[26] *Id.*

*United States of America et al v. Duran Construction Company LLC et al*          Case No. 1:22-cv-00091-JMK
Order Granting in Part Plaintiffs' Motion to Strike Defendants' Answer          Page 5
Case 1:22-cv-00091-JMK   Document 15   Filed 07/07/23   Page 5 of 6

# IV. CONCLUSION

Based upon the foregoing, the Court ORDERS:

1.      Plaintiffs' Motion is GRANTED IN PART as to Marciano and Josette Duran.  The first two paragraphs of the Answer filed at Docket 5 are STRICKEN.  Marciano and Josette Duran are ordered to file an Amended Answer within thirty (30) days of this Order.  This Amended Answer may include a request for attorney's fees similar to that contained in the third paragraph of Defendants' current Answer and may not be filed on behalf of Duran Construction.

2.      Plaintiffs' Motion is GRANTED as to Duran Construction.  The Answer filed at Docket 5 is STRICKEN in its entirety to the extent it was filed on behalf of Duran Construction.  Within forty-five (45) days of this Order, Duran Construction shall: (1) retain counsel; and (2) file an Answer.  If Duran Construction fails to timely retain counsel and file an Answer, Plaintiffs may move the Clerk to enter its default.

IT IS SO ORDERED this 7th day of July, 2023, at Anchorage, Alaska.


        */s/ Joshua M. Kindred*
        JOSHUA M. KINDRED
        United States District Judge

*United States of America et al v. Duran Construction Company LLC et al*     Case No. 1:22-cv-00091-JMK
Order Granting in Part Plaintiffs' Motion to Strike Defendants' Answer                    Page 6
Case 1:22-cv-00091-JMK   Document 15   Filed 07/07/23   Page 6 of 6