ADAM R.F. GUSTAFSON
Principal Deputy Assistant Attorney General
Environment and Natural Resources Division

MICHAEL J. HEYMAN
United States Attorney
District of Alaska

DANIEL MARTIN
U.S. Department of Justice
Env. & Natural Res. Division
P.O. Box 7611
Washington, D.C. 20044

Phone (202) 598-1869; Fax: (202) 514-8865
Email: Daniel.Martin3@usdoj.gov

*Attorneys for the United States*

STEPHEN J. COX
Attorney General

THAD ADKINS
Alaska Department of Law
Environmental Section
1031 West 4th Avenue, Suite 200
Anchorage, Alaska 99501
Phone: (907) 269-5232
Email: Thad.Adkins@alaska.gov

*Attorneys for the State of Alaska*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ALASKA**

| | |
|---|---|
| THE UNITED STATES OF AMERICA, and THE STATE OF ALASKA,<br><br>Plaintiffs,<br><br>v.<br><br>DURAN CONSTRUCTION COMPANY LLC, MARCIANO DURAN, and JOSETTE DURAN ,<br><br>Defendants. | Case No. 1:22-cv-91 |

# CONSENT DECREE

*The United States and the State of Alaska v.*
*Duran Construction Company, LLC, Marciano Duran, and Josette Duran*

## TABLE OF CONTENTS

TABLE OF CONTENTS ........ iii
I. DEFINITIONS ........ 3
II. JURISDICTION AND VENUE ........ 6
III. APPLICABILITY ........ 6
IV. SCOPE OF CONSENT DECREE ........ 7
V. SPECIFIC PROVISIONS ........ 10
A. CIVIL PENALTIES ........ 10
B. MITIGATION ........ 13
C. 26 U.S.C. § 162(f)(2)(A)(ii) IDENTIFICATION ........ 15
VI. NOTICES AND OTHER SUBMISSIONS ........ 16
VII. RETENTION OF RECORDS AND RIGHT OF ENTRY ........ 17
VIII. DISPUTE RESOLUTION ........ 19
IX. FORCE MAJEURE ........ 21
X. STIPULATED PENALTIES ........ 23
XI. ADDRESSES ........ 26
XII. COSTS OF SUIT ........ 28
XIII. PUBLIC COMMENT ........ 28
XIV. CONTINUING JURISDICTION OF THE COURT ........ 29
XV. MODIFICATION ........ 29
XVI. TERMINATION ........ 30

WHEREAS, the Plaintiffs, the United States of America ("United States"), on behalf of the United States Environmental Protection Agency ("EPA"), and the State of Alaska ("the State"), on behalf of the State of Alaska Department of Environmental Conservation ("ADEC"), filed the Complaint herein against Duran Construction Company LLC, Marciano Duran, and Josette Duran (collectively, "Defendants"), alleging that Defendants violated Section 301(a) of the Clean Water Act ("CWA"), 33 U.S.C. § 1311(a), Alaska Statute ("AS") 46.03.100, 18 Alaska Administrative Code ("AAC") 83.015(a), and 18 AAC 83.405;

WHEREAS, the Complaint alleges that Defendants violated CWA Section 301(a), 33 U.S.C. § 1311(a), by discharging dredged and/or fill material and/or controlling and directing the discharge of dredged and/or fill material into waters of the United States at three sites located in the City and Borough of Juneau, Alaska ("Sites"), as more fully described in the Complaint, without authorization pursuant to CWA Section 404, 33 U.S.C. § 1344, by the United States Army Corps of Engineers ("the Corps");

WHEREAS, the Complaint alleges that Defendants violated CWA Section 301(a), 33 U.S.C. § 1311(a), by discharging pollutants associated with construction and industrial stormwater into waters of the United States at the Sites, as more fully described in the Complaint, without authorization by ADEC and in violation of the terms of a

construction storm water permit issued by ADEC, pursuant to CWA Section 402, 33 U.S.C. § 1342;

WHEREAS, the Complaint further alleges that Defendants violated AS 46.03.100, 18 AAC 83.015(a), and 18 AAC 83.405 at the Sites, as more fully described in the Complaint, by discharging pollutants with construction and industrial stormwater into waters of the United States, without authorization by ADEC and in violation of the terms of a construction stormwater permit issued by ADEC;

WHEREAS, the Complaint seeks (1) to enjoin the discharge of pollutants into waters of the United States in violation of CWA Section 301(a), 33 U.S.C. § 1311(a), AS 46.03.100, 18 AAC 83.015(a), and 18 AAC 83.405; (2) to require Defendants, at their own expense and at the direction of the EPA and ADEC, to restore and/or mitigate the harms caused by their unlawful activities; and (3) to require Defendants to pay civil penalties as provided in CWA Section 309(d), 33 U.S.C. § 1319(d), and AS 46.03.760(e);

WHEREAS, this Consent Decree is intended to constitute a complete and final settlement of the United States' and the State's claims under the CWA, AS 46.03, and 18 AAC 83, as set forth in the Complaint regarding the Sites;

WHEREAS, the United States, the State, and Defendants agree that settlement of this case is in the public interest and that entry of this Consent Decree is the most

appropriate means of resolving the United States' and the State's claims against Defendants in this case; and

WHEREAS, the Court finds that this Consent Decree is a reasonable and fair settlement of the United States' and the State's claims against Defendants in this case, and that this Consent Decree adequately protects the public interest in accordance with the CWA and all other applicable federal and state law.

THEREFORE, before the taking of any testimony upon the pleadings, without further adjudication of any issue of fact or law, and upon consent of the Parties hereto by their authorized representatives, it is hereby ORDERED, ADJUDGED, and DECREED as follows:

## I. DEFINITIONS

1. Except as specifically provided in this Consent Decree, definitions for the terms used herein shall be incorporated from the CWA and the regulations promulgated pursuant to the CWA. Whenever terms listed below are used in this Consent Decree the following definitions apply:

a. "ADEC" shall mean the Alaska Department of Environmental Conservation;

b. "ADNR" shall mean the Alaska Department of Natural Resources;

c. "APDES" shall mean the Alaska Pollutant Discharge Elimination System;

d. "Complaint" shall mean the complaint filed by the United States and the State in this action;

e. "Consent Decree" shall mean this Consent Decree and all appendices attached hereto;

f. "Court" shall mean the United States District Court for the District of Alaska;

g. "Day" shall mean a calendar day unless expressly stated to be a business day. Other than for a period of violation, in computing any period of time under this Consent Decree, where the last day would fall on a Saturday, Sunday, or federal holiday, the period shall run until 11:59 pm Alaska Time on the next business day;

h. The Effective Date of this Consent Decree shall be the date upon which this Consent Decree is entered by the Court or a motion to enter the Consent Decree is granted, whichever occurs first, as recorded on the Court's docket;

i. “Mitigation Sites” shall mean the three sites identified by the Complaint and at which work will be undertaken to restore, establish, or enhance aquatic resources as set forth in the Appendix;

j. “Paragraph” shall mean a portion of this Consent Decree identified by an Arabic numeral;

k. “Parties” shall mean the United States, the State, Duran Construction Company LLC, Marciano Duran, and Josette Duran, and the term “Party” may be used to refer individually to any of the Parties;

l. “S&S Ponds Site” shall mean the S&S Ponds Site described in the Appendix;

m. “Section” shall mean a portion of this Consent Decree identified by a Roman numeral, unless specifically referring to a portion of the CWA or the Internal Revenue Code;

n. “Sites” shall mean the three sites identified by the Complaint and the Appendix; and

o. “Subsection” shall mean a portion of this Consent Decree identified by a capital letter.

## II. JURISDICTION AND VENUE

2. This Court has jurisdiction over the subject matter of these actions and over the Parties pursuant to 28 U.S.C. §§ 1331, 1345, and 1355, and Section 309(b) of the CWA, 33 U.S.C. § 1319(b).

3. This Court has supplemental jurisdiction over Alaska's state law claims in this action pursuant to 28 U.S.C. § 1367(a).

4. Venue is proper in the District of Alaska under CWA Section 309(b), 33 U.S.C. § 1319(b), and 28 U.S.C. §§ 1391(b) and (c), because Defendants conduct business in this District, the Sites are located in this District, and the causes of action alleged herein arose in this District.

5. The Complaint states claims upon which relief can be granted under Sections 301, 309, 402, and 404 of the CWA, 33 U.S.C. §§ 1311, 1319, 1342, and 1344, as well as AS 46.03.100, AS 46.03.760(e), AS 46.03.765, 18 AAC 83.015(a), and 18 AAC 83.405.

## III. APPLICABILITY

6. The obligations of this Consent Decree shall apply to and be binding upon Defendants, their officers, directors, agents, employees and servants, and their successors and assigns and any person, firm, association or corporation who is, or will be, acting in concert or participation with any of the Defendants whether or not such person has notice of this Consent Decree. In any action to enforce this Consent Decree against Defendants,

Defendants shall not raise as a defense the failure of any of its officers, directors, agents, employees, successors or assigns or any person, firm or corporation acting in concert or participation with the Defendants, to take any actions necessary to comply with the provisions hereof.

7. The transfer of ownership or other interest in any of the "Mitigation Sites" described in the Appendix and below shall not alter or relieve Defendants of their obligation to comply with all of the terms of this Consent Decree. At least 30 days prior to the transfer of ownership or other interest in the Mitigation Sites, the Defendant making such transfer shall provide written notice and a true copy of this Consent Decree to its successors in interest and shall simultaneously notify the United States and the State in writing at the physical and email addresses specified in Section XI below that such notice has been given. As a condition to any such transfer, the Defendant making the transfer shall reserve all rights necessary to comply with the terms of this Consent Decree. This requirement expires as to each Site upon the United States and State's approval of the Completion Report for that Mitigation Site in accordance with Paragraph 24.

## IV. SCOPE OF CONSENT DECREE

8. This Consent Decree shall constitute a complete and final settlement of all civil claims for injunctive relief and civil penalties alleged in the Complaint against the

Defendants under CWA Section 301, 33 U.S.C. § 1311, AS 46.03.100, 18 AAC 83.015(a), and 18 AAC 83.405 concerning the Sites.

9. It is the express purpose of the Parties in entering this Consent Decree to further the objectives set forth in CWA Section 101, 33 U.S.C. § 1251. All plans, studies, construction, remedial maintenance, monitoring programs, and other obligations in this Consent Decree or resulting from the activities required by this Consent Decree shall have the objective of causing Defendants to achieve and maintain full compliance with, and to further the purposes of, the CWA.

10. The Parties agree that Defendants' obligations under this Consent Decree are joint and several.

11. Except as in accordance with this Consent Decree, Defendants and Defendants' agents, successors and assigns are enjoined from discharging any pollutant into waters of the United States, unless such discharge complies with the provisions of the CWA and its implementing regulations, AS 46.03, and 18 AAC 83.

12. This Consent Decree is not and shall not be interpreted to be a permit or modification of any existing permit issued pursuant to Section 402 or 404 of the CWA, 33 U.S.C. §§ 1342 or 1344, AS 46.03, and 18 AAC 83, or any other law. Nothing in this Consent Decree shall limit the ability of the United States Army Corps of Engineers to issue, modify, suspend, revoke, or deny any individual permit or any nationwide or

regional general permit, nor shall this Consent Decree limit EPA's ability to exercise its authority pursuant to Section 404(c) of the CWA, 33 U.S.C. § 1344(c). Nothing in this Consent Decree shall limit the ability of ADEC to issue, modify, suspend, revoke, or deny any individual or general permit.

13. This Consent Decree in no way affects or relieves Defendants of their responsibility to comply with any applicable federal, state, or local law, regulation, or permit. Where any compliance obligation under this Consent Decree requires Defendants to obtain a federal, state, or local permit or approval, Defendants shall submit timely and administratively complete applications and take all other actions necessary to obtain all such permits or approvals. Defendants may seek relief under the provisions of Section IX (Force Majeure) for any delay in the performance of any such obligation resulting from a failure to obtain, or a delay in obtaining, any permit or approval required to fulfill such obligation, if Defendants have submitted timely and administratively complete applications and has taken all other actions necessary to obtain all such permits or approvals.

14. This Consent Decree in no way affects the rights of the United States or the State as against any person not a Party to this Consent Decree.

15. The United States and the State reserve any and all legal and equitable remedies available to enforce the provisions of this Consent Decree and applicable law.

16. With the exception of Paragraphs 1, 2, and 3, nothing in this Consent Decree shall constitute an admission of fact or law by any Party.

## V. SPECIFIC PROVISIONS

A. CIVIL PENALTIES

17. Defendants provided financial information that demonstrates Defendants have a limited ability to pay civil penalties at this time. Defendants shall pay a civil penalty to the United States in the amount of One Hundred and Seventy-Five Thousand Dollars and to the State in the amount of One Hundred and Seventy-Five Thousand Dollars, together with interest accruing from the Effective Date. If Defendants fail to pay an installment of civil penalties by the applicable payment dates identified in Paragraph 18, interest on then outstanding principal and theretofore accrued interest owing to the United States shall be calculated at the rate specified in 28 U.S.C. § 1961 and interest on then outstanding principal and theretofore accrued interest owing to the State will be simple, non-compounding interest charged in accordance with the maximum statutory judgment interest rate as provided for in AS 09.30.070 and shall be computed daily from the applicable payment date that was missed until the date payment is made. Upon bringing the account current, interest thereafter accrues at 3.75% as reflected in the Paragraph 18 Table. Defendants shall make payment of the civil penalty to the United States in accordance with Paragraph 19 and to the State in accordance with Paragraph 20.

18. Defendants may elect to pay according to the following schedule where interest is calculated at 3.75%. There is no penalty for early payment and Defendants may make payments early to avoid further interest. No interest shall accrue if the Civil Penalties in Paragraph 17 are paid in full within 30 days of the Effective Date.

| **Payment Date** | **Payment Amount (50% of each payment to the United States and 50% to the State)** |
|---|---|
| 24 months after the Effective Date | $53,173.00 |
| 25 months after the Effective Date | $27,925.60 |
| 26 months after the Effective Date | $27,848.48 |
| 27 months after the Effective Date | $27,764.35 |
| 28 months after the Effective Date | $27,680.21 |
| 29 months after the Effective Date | $27,596.08 |
| 30 months after the Effective Date | $27,511.94 |
| 31 months after the Effective Date | $27,427.81 |
| 32 months after the Effective Date | $27,343.68 |
| 33 months after the Effective Date | $27,259.54 |
| 34 months after the Effective Date | $27,175.41 |
| 35 months after the Effective Date | $27,091.27 |
| 36 months after the Effective Date | $27,008.14 |

19. Defendants shall make the above-referenced payment to the United States by FedWire Electronic Funds Transfer ("EFT" or wire transfer) to the United States

Department of Justice account in accordance with current electronic funds transfer procedures, referencing U.S.A.O. file number 2026V00084, EPA Region 10, and the DOJ case number 90-5-1-1-21970. Payment shall be made in accordance with instructions provided to the Defendants by the Financial Litigation Unit of the United States Attorney's Office for the District of Alaska. Any payments received by the Department of Justice after 12:00 P.M. Alaska Time will be credited on the next business day.

20. Defendants shall make the above-referenced payment to the State by check payable to the State of Alaska, referencing the ADEC Enforcement Tracking number (21-R0304-86-0002). Defendants shall deliver the check to the Alaska Department of Environmental Conservation, Attn: Water Accountant, Water Administrative Services, 555 Cordova St., Anchorage, Alaska 99501. Any payments received by the State after 12:00 PM Alaska Time will be credited on the next business day.

21. Upon full payment of the civil penalties required by this Consent Decree, Defendants shall provide written notice, at the physical and email addresses specified in Section XI, that such payment was made in accordance with Paragraphs 19 and 20. Additionally, at the time of payment to the United States, Defendants shall also send notice that payment has been made to the EPA via email at cinwd_acctsreceivable@epa.gov and via regular mail at EPA Cincinnati Finance Office,

26 W. Martin Luther King Drive, Cincinnati, Ohio 45268. Such notice shall state that the payment is for the civil penalty owed pursuant to the Consent Decree in *United States, et. al v. Duran Construction Company, LLC et. al* and shall reference the civil action number and DOJ case number 90-5-1-1-21970.

22. Penalty payments under this Consent Decree pursuant to this Section or Section X are penalties within the meaning of Section 162(f)(1) of the Internal Revenue Code, 26 U.S.C. § 162(f)(1), and 26 C.F.R. § 1.162-21(a)(3)(i), and Defendants shall not deduct any penalties paid under this Consent Decree pursuant to this Section or Section X in calculating its federal income tax.

B. MITIGATION

23. Defendants shall perform mitigation activities under the terms and conditions stated in the Appendix attached hereto and incorporated herein by reference.

24. Within thirty (30) days of completing the mitigation activities described in the Appendix at any one of the three Mitigation Sites, other than monitoring requirements, Defendants shall provide the United States and the State with a separate Completion Report for that/those Mitigation Site(s). Each Completion Report shall include photographs of the Site conditions before and after implementation of the mitigation activities required by the Appendix and provide sufficient information for the United States and the State to determine whether the mitigation activities were completed

in accordance with the Appendix. The United States and the State will review each Completion Report and, if appropriate, approve. If the United States and/or the State determine that Defendants have not fully satisfied the requirements of the mitigation activities described in the Appendix, the United States and the State will, as soon as practicable, but in no event longer than 120 days, provide Defendants with a written description of the actions necessary to fully satisfy the requirements of the Appendix. If the United States and/or the State provide Defendants with a written description of the requirements of the mitigation activities described in the Appendix that Defendants have failed to fully satisfy, Defendants shall complete the necessary actions identified by the United States and/or the State and submit a revised Completion Report to the United States and State for review and approval.

25. Within ninety (90) days of the United States and State's approval of the Completion Report for the S&S Ponds Site, Defendants shall record a servitude crafted in accord with the requirements of AS Title 34, Chapter 17, or if otherwise agreed by the Parties, the common-law principles summarized in Restatement of the Law Third, Property (Servitudes) prohibiting all post-mitigation man-made alterations of the Site, exclusive of the Shop and Alaway Avenue "Development Areas," except scientific or educational projects designed to monitor or measure fish or wildlife, or enhance their habitat, or engineered features or structures which facilitate passive recreational use, that

shall run with the land ("Servitude"), with the State of Alaska Department of Natural Resources' Juneau Recording District that will ensure that the area of the S&S Ponds Site subject to the mitigation activities in the Appendix is protected. The area subject to the Servitude shall be consistent with the Appendix. At minimum, the Servitude must prohibit (1) dredging, straightening, filling, channeling, impeding, diverting, or otherwise altering the water courses on the S&S Ponds Site; (2) any filling, excavation, or other changes in the general topography of the S&S Ponds Site; (3) any commercial activity or industrial development; and (4) any waste, garbage, and unsightly or offensive materials from being placed on the S&S Ponds Site. At least sixty (60) days prior to the deadline for recording the Servitude, Defendants shall submit a draft of the Servitude documents to the United States and State at the physical and email addresses specified in Section XI. As soon as practicable, but in no event longer than 90 days, the United States and State shall provide Defendants any comments on the draft Servitude documents. The Parties shall come to a consensus on the Servitude documents prior to Defendants' recording required by this Paragraph.

C. 26 U.S.C. § 162(f)(2)(A)(ii) IDENTIFICATION

26. For purposes of the identification requirement in Section 162(f)(2)(A)(ii) of the Internal Revenue Code, 26 U.S.C. § 162(f)(2)(A)(ii), and 26 C.F.R. § 1.162-

21(b)(2)(iii)(A), performance of Paragraphs 23 – 25 (including the Appendix) are restitution, remediation, or required to come into compliance with the law.

## VI. NOTICES AND OTHER SUBMISSIONS

27. Within 30 days after the deadline for completing any task set forth in this Consent Decree, Defendants shall provide the United States and the State with written and electronic notice, at the physical and email addresses specified in Section XI, of whether or not that task has been completed.

28. If the required task has been completed, the notice shall specify the date when it was completed and explain the reasons for any delay in completion beyond the scheduled time for such completion required by this Consent Decree.

29. In all notices, documents or reports submitted by a Defendant pursuant to this Consent Decree, the Defendant shall, by signature of a senior management official, certify such notices, documents and reports as follows:

> I certify under penalty of law that this document and all attachments were prepared under my direction or supervision in accordance with a system designed to assure that qualified personnel properly gather and evaluate the information submitted. Based on my inquiry of the person or persons who manage the system, or those persons directly responsible for gathering such information, the information submitted is, to the best of my knowledge and belief, true, accurate and complete. I am aware that there are significant penalties for submitting false information, including the possibility of fine and imprisonment for knowing violations.

## VII. RETENTION OF RECORDS AND RIGHT OF ENTRY

30. Until five years after termination of this Consent Decree, Defendants shall preserve and retain all records and documents now in their possession or control or which come into their possession or control that relate in any manner to the performance of the tasks in this Consent Decree, regardless of any corporate or other retention policy to the contrary. During this information retention period, Defendants shall also instruct their contractors and agents to preserve all documents, records, and information of whatever kind, nature or description relating to the performance of the tasks in this Consent Decree.

31. At the conclusion of the information retention period, Defendants shall notify the United States and the State at least 90 days prior to the destruction of any such records or documents, and, upon request by the United States or the State, Defendants shall deliver any such records or documents to the EPA or ADEC. Defendants may assert that certain documents, records and other information are privileged under the attorney-client privilege or any other privilege recognized by federal law. If a Defendant asserts such a privilege, they shall provide the United States and the State with the following: (1) the title of the document, record, or information; (2) the date of the document, record, or information; (3) the name and title of the author of the document, record, or information; (4) the name and title of each addressee and recipient; (5) a description of the subject of

the document, record, or information; and (6) the privilege asserted by the Defendant. However, no documents, reports or other information created or generated pursuant to the requirements of the Consent Decree shall be withheld on the grounds that they are privileged.

32. Until termination of this Consent Decree, the United States and the State and their authorized representatives and contractors shall have authority at all reasonable times and with advance notice to Defendants to enter and access portions of the Mitigation Sites owned by Defendants:

a. Monitor the activities required by this Consent Decree;

b. Verify any data or information submitted to the United States or the State;

c. Collect samples, including, but not limited to, soil, vegetation, and water;

d. Take photographs and/or videos;

e. Inspect and evaluate Defendants' mitigation activities; and

f. Inspect and review any records required to be kept under the terms and conditions of this Consent Decree, the CWA and any applicable APDES permits.

33. Paragraph 32 is in addition to, and in no way limits or otherwise affects, the statutory authorities of the United States or the State to conduct inspections, to require monitoring and to obtain information from the Defendants as authorized by law.

## VIII. DISPUTE RESOLUTION

34. Any dispute that arises with respect to the meaning or requirements of this Consent Decree shall be, in the first instance, the subject of informal negotiations between the Parties affected by the dispute to attempt to resolve such dispute. The period for informal negotiations shall not extend beyond 30 days beginning with written notice by one Party to the other affected Party or Parties that a dispute exists, unless agreed to in writing by those Parties. If a dispute between the United States or the State, on the one hand, and a Defendant or Defendants, on the other, cannot be resolved by informal negotiations, then the position advanced by the United States, with the concurrence of the State (or, in the case of complying with the requirements of a State Multi-Sector General Permit or Construction General Permit, the position advanced by the State, with the concurrence of the United States), shall be considered binding unless, within 14 days after the end of the informal negotiations period, the Defendant files a motion with the Court seeking resolution of the dispute. The motion shall set forth the nature of the dispute and a proposal for its resolution. The Plaintiffs shall have 30 days to respond to the motion and propose an alternate resolution. In resolving any such dispute, the

Defendant shall bear the burden of proving by a preponderance of the evidence that its position complies with this Consent Decree and better furthers the objectives of this Consent Decree, the CWA, AS 46.03, and 18 AAC 83, and that the Defendant's position will achieve compliance with the terms and conditions of this Consent Decree, the CWA, AS 46.03, and 18 AAC 83.

35. If the United States or the State believes that a dispute is not a good faith dispute, or that a delay would pose or increase a threat of harm to the public or the environment, the United States or the State may move the Court for a resolution of the dispute prior to the expiration of the 30 day period for informal negotiations. A Defendant opposing the United States or the State shall have 14 days to respond to the motion and propose an alternate resolution. In resolving any such dispute, the Defendant shall bear the burden of proving by a preponderance of the evidence that the United States' or the State's position is not in accordance with the objectives of this Consent Decree, and that the Defendant's position will achieve compliance with the terms and conditions of this Consent Decree, the CWA, AS 46.03, and 18 AAC 83.

36. The filing of a motion asking the Court to resolve a dispute shall not extend or postpone any obligation of the Defendants under this Consent Decree, except as provided in Paragraph 44 regarding payment of stipulated penalties.

## IX. FORCE MAJEURE

37. Defendants shall perform the actions required under this Consent Decree within the time limits set forth or approved herein, unless the performance is prevented or delayed solely by events which constitute a Force Majeure event. A Force Majeure event is defined as any event arising from causes beyond the control of the Defendants, including the Defendants' employees, agents, consultants and contractors, which could not be overcome by due diligence, and which delays or prevents the performance of an action required by this Consent Decree within the specified time period. A Force Majeure event does not include, among other things, increased costs of performance, changed economic circumstances, changed labor relations, or changed circumstances arising out of the sale, lease or other transfer or conveyance of title or ownership or possession of a Site.

38. If a Defendant believes that a Force Majeure event has affected the Defendant's ability to perform any action required under this Consent Decree, then the Defendant shall notify the United States and the State in writing within seven days after the event at the physical and email addresses listed in Section XI. Such notice shall include a discussion of the following:

a. What action has been affected;

b. The specific cause(s) of the delay;

c. The length or estimated duration of the delay; and

d. Any measures taken or planned by the Defendant to prevent or minimize the delay and a schedule for the implementation of such measures.

The Defendant may also provide to the United States and the State any additional information that the Defendant deems appropriate to support the Defendant's conclusion that a Force Majeure event has affected the Defendant's ability to perform an action required under this Consent Decree. Failure to provide timely and complete notification to the United States and the State shall constitute a waiver of any claim of Force Majeure as to the event in question.

39. If the United States, after a reasonable opportunity for review and comment by the State, determines that the conditions constitute a Force Majeure event, then the deadline for the affected action shall be extended by the amount of time of the delay caused by the Force Majeure event. The Defendant shall coordinate with EPA and ADEC to determine when to begin or resume the operations that were affected by any Force Majeure event.

40. If the United States, after a reasonable opportunity for review and comment by the State, does not agree that the conditions constitute a Force Majeure event, or that the length of time for fulfilling the provision of the Consent Decree at issue should be

extended as the Defendant seeks, then any Party may seek a resolution of the dispute under the procedures in Section VIII.

41. The Defendant shall bear the burden of proving (1) that the noncompliance at issue was caused by circumstances entirely beyond the control of the Defendant and any entity controlled by the Defendant, including the Defendant's contractors and consultants; (2) that the Defendant or any entity controlled by the Defendant could not have foreseen and prevented such noncompliance; and (3) the number of days of noncompliance that were caused by such circumstances.

## X. STIPULATED PENALTIES

42. After entry of this Consent Decree, if Defendants fail to timely fulfill any requirement of the Consent Decree, including but not limited to the requirements of the Appendix, the Defendants shall pay a stipulated penalty to the United States and the State for each violation of each such requirement as follows:

| | |
|---|---|
| a. For Day 1 up to and including Day 30 of noncompliance | $500.00 per day |
| b. For Day 31 up to and including Day 61 of noncompliance | $1,000.00 per day |
| c. For Day 61 and beyond of noncompliance | $1,500.00 per day |

Such payments shall be due without demand by the United States or the State on or before the last day of the month following the month in the stipulated penalty accrued.

Defendants shall pay 50 percent of the total of such payments to the United States and 50 percent to the State.

43. Any disputes concerning the amount of stipulated penalties, or the underlying violation that gives rise to the stipulated penalties, shall be resolved pursuant to the Dispute Resolution provisions in Section VIII and/or the Force Majeure provisions in Section IX.

44. The filing of a motion requesting that the Court resolve a dispute shall stay Defendants' obligation to pay any stipulated penalties with respect to the disputed matter pending resolution of the dispute. Notwithstanding the stay of payment, stipulated penalties shall continue to accrue from the first day of any failure or refusal to comply with any term or condition of this Consent Decree. In the event that Defendants do not prevail on the disputed issue, stipulated penalties shall be paid by Defendants as provided in this Section.

45. To the extent Defendants demonstrate to the Court that a delay or other noncompliance was due to a Force Majeure event (as defined in Paragraph 37) or otherwise prevail on the disputed issue, the Court shall excuse the stipulated penalties for that delay or noncompliance.

46. In the event that a stipulated penalty payment is applicable and not made on time, interest on portions payable to the United States will be charged in accordance with

the statutory judgment interest rate provided for in 28 U.S.C. § 1961. Interest on portions of stipulated penalties payable to the State will be simple, non-compounding interest charged in accordance with the maximum statutory judgment interest rate provided for in AS 09.30.070, and shall be computed daily from the time the payment is due until the date the payment is made. The interest for portions of stipulated penalties payable to the United States shall be computed daily from the time the payment is due until the date the payment is made. The interest for portions of the stipulated penalties payable to the United States shall be compounded annually.

47. Defendants shall make any payment of a stipulated penalty to the United States by FedWire Electronic Funds Transfer ("EFT" or wire transfer) to the United States Department of Justice account in accordance with current electronic funds transfer procedures, referencing U.S.A.O. file number 2026V00084, EPA Region 10, and the DOJ case number 90-5-1-1-21970. Payment shall be made in accordance with instructions provided to the Defendants by the Financial Litigation Unit of the United States Attorney's Office for the District of Alaska. Any payments received by the Department of Justice after 12:00 PM Alaska Time will be credited on the next business day. Further, upon payment of any stipulated penalties, Defendants shall provide written notice, at the addresses specified in Section XI.

48. Defendants shall make any payment of a stipulated penalty to the State by check payable to the State of Alaska, referencing the ADEC Enforcement Tracking number (21-R0304-86-0002). Defendants shall deliver the check to the Alaska Department of Environmental Conservation, Attn: Water Accountant, Water Administrative Services, 555 Cordova St., Anchorage, Alaska 99501. Any payments received by the State after 12:00 PM Alaska Time will be credited on the next business day. Further, upon payment of any stipulated penalties, Defendants shall provide written notice, at the addresses specified in Section XI.

49. The United States and State of Alaska may, in the unreviewable exercise of their discretion, reduce or waive stipulated penalties otherwise due under this Consent Decree.

## XI. ADDRESSES

50. All notices and communications required under this Consent Decree shall be made to the Parties through each of the following persons and the listed physical and email addresses:

a. TO THE UNITED STATES:

THE EPA

Patrick B. Johnson, Senior Water Law Attorney
U.S. Environmental Protection Agency, Region 10
Alaska Operations Office
222 West 7th Avenue, #19
Anchorage, Alaska 99513-7588
johnson.patrick@epa.gov

Mark S. Jen, Case Officer
U.S. Environmental Protection Agency, Region 10
Alaska Operations Office
222 West 7th Avenue, #19
Anchorage, Alaska 99513-7588
jen.mark@epa.gov

<u>THE UNITED STATES DEPARTMENT OF JUSTICE</u>

Daniel Martin
U.S. Department of Justice
Env. & Natural Res. Division
P.O. Box 7611
Washington, D.C. 20044
Phone: (202) 598-1869; Fax: (202) 514-8865
Email: Daniel.Martin3@usdoj.gov

Chief, Environmental Defense Section
Environment and Natural Resources Division
U.S. Department of Justice
P.O. Box 7611
Washington, D.C. 20044-7611
MailProcessing_EDS.ENRD@usdoj.gov

b. <u>TO THE STATE OF ALASKA:</u>

Melinda O'Donnell, Environmental Program Specialist
Alaska Department of Environmental Conservation
Division of Water
555 Cordova Street
Anchorage, Alaska 99501
melinda.odonnell@alaska.gov, and
dec.water.enforcement@alaska.gov

Thad Adkins
Alaska Department of Law
Environmental Section

1031 West 4th Avenue, Suite 200
Anchorage, Alaska 99501
Phone: (907) 269-5232
Email: Thad.Adkins@alaska.gov

c. TO DEFENDANTS:

Marciano Duran, President
Duran Construction Company LLC
P.O. Box 32634
Juneau, Alaska 99803
marcianoduran907@gmail.com

Josette Duran
P.O. Box 3346
Juneau, Alaska 99803
duran@acsalaska.net

## XII. COSTS OF SUIT

51. Each Party to this Consent Decree shall bear its own costs and attorneys' fees in this action. Should Defendants subsequently be determined by the Court to have violated the terms or conditions of this Consent Decree, Defendants shall be liable for any costs or attorneys' fees incurred by the United States or the State in any action against Defendants for noncompliance with or enforcement of this Consent Decree.

## XIII. PUBLIC COMMENT

52. The Parties acknowledge that after the lodging and before the entry of this Consent Decree, final approval by the United States is subject to the requirements of 28 C.F.R. § 50.7, which provides for public notice and comment. The United States reserves the right to withhold or withdraw its consent to the entry of this Consent Decree if the

comments received disclose facts which lead the United States to conclude that the proposed judgment is inappropriate, improper, or inadequate. The Defendants agree not to withdraw from, oppose entry of, or to challenge any provision of this Consent Decree, unless the United States has notified the Defendants in writing that it no longer supports entry of the Consent Decree.

## XIV. CONTINUING JURISDICTION OF THE COURT

53. This Court shall retain jurisdiction over this action in order to enforce or modify the Consent Decree consistent with applicable law or to resolve all disputes arising hereunder as may be necessary or appropriate for construction or execution of this Consent Decree. During the pendency of the Consent Decree, any Party may apply to the Court for any relief necessary to construe and effectuate the Consent Decree.

## XV. MODIFICATION

54. Upon its entry by the Court, this Consent Decree shall have the force and effect of a final judgment.

55. Any modification of the Appendix shall be in writing, and shall not take effect unless signed by the United States, the State, and the Defendants.

56. Any modification of this Consent Decree shall be in writing, and shall not take effect unless signed by the United States, the State, and the Defendants, and approved by the Court.

## XVI. TERMINATION

57. This Consent Decree may be terminated by either of the following:

a. Defendants, the United States, and the State may at any time make a joint motion to the Court for termination of this Consent Decree or any portion of it; or

b. Defendants may make a unilateral motion to the Court to terminate this Consent Decree after each of the following has occurred:

1. Defendants have obtained and maintained compliance with all provisions of this Consent Decree, the CWA, and applicable APDES permits for 12 consecutive months from entry of the CD;
2. Defendants have paid all penalties and other monetary obligations hereunder and no penalties or other monetary obligations arising under or through this Consent Decree are outstanding or owed to the State or to the United States;
3. Defendants have certified compliance pursuant to subparagraphs 57.b.1 and 2 to the Court and all Parties; and
4. Within 45 days of receiving such certification from Defendants, neither EPA nor ADEC has contested in writing that such compliance has been achieved. If EPA or ADEC disputes

Defendants' full compliance, this Consent Decree shall remain in effect pending resolution of the dispute by the Parties or the Court.

IT IS SO ORDERED.

Dated and entered this _______ day of ____________ 2026.

___________________________
United States District Judge

FOR THE UNITED STATES OF AMERICA:

ADAM R.F. GUSTAFSON
PRINCIPAL DEPUTY
ASSISTANT ATTORNEY GENERAL
Environment and Natural Resources Division
U.S. Department of Justice

07/23/2026
Date

Daniel J Martin
DANIEL MARTIN
Senior Attorney
U.S. Department of Justice
Env. & Natural Res. Division
P.O. Box 7611
Washington, D.C. 20044

MICHAEL J. HEYMAN
United States Attorney

FOR THE UNITED STATES ENVIRONMENTAL PROTECTION AGENCY:

CAROL KING Digitally signed by CAROL KING Date: 2026.06.24 11:35:59 -04'00'

_______________ _______________________________________
Date

CAROL DeMARCO KING
Acting Director, Water Enforcement Division
United States Environmental Protection Agency
Office of Enforcement and Compliance Assurance
1200 Pennsylvania Avenue, NW
Washington D.C. 20460

OF COUNSEL:

MELISSA RAACK
Attorney-Advisor
Water Enforcement Division
Office of Civil Enforcement
U.S. Environmental Protection Agency
1200 Pennsylvania Ave., N.W.
Washington, D.C. 20460

TAYLOR MURPHY
Attorney-Advisor
Water Enforcement Division
Office of Civil Enforcement
U.S. Environmental Protection Agency
1200 Pennsylvania Ave., N.W.
Washington, D.C. 20460

FOR THE UNITED STATES ENVIRONMENTAL PROTECTION AGENCY:

6/10/26 BEVERLY LI Digitally signed by BEVERLY LI Date: 2026.06.10 10:42:52 -07'00'

Date

BEVERLY LI
Regional Counsel
United States Environmental Protection Agency
Region 10
1200 Sixth Avenue, Suite 155
Seattle, Washington 98101

OF COUNSEL:
PATRICK B. JOHNSON
Senior Water Law Attorney
United States Environmental Protection Agency
Region 10, Alaska Operations Office
222 West 7th Avenue, #19
Anchorage, Alaska 99513

FOR THE STATE OF ALASKA:

CORI MILLS
Acting Attorney General

6-15-2026
Date

/s/ Thad Adkins

THAD ADKINS
Alaska Department of Law
Environmental Section
1031 West 4th Avenue, Suite 200
Anchorage, Alaska 99501
Phone: (907) 269-5232
Email: Thad.Adkins@alaska.gov

FOR DURAN CONSTRUCTION COMPANY LLC:

6/23/26
Date

MARCIANO DURAN
Managing Member
Duran Construction Company LLC

FOR JOSETTE DURAN:

6/23/26
Date

JOSETTE DURAN

FOR MARCIANO DURAN:

6/23/26
Date

MARCIANO DURAN